# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| JASON SCOTT,<br>*Inmate Identification No. 50651-037*,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>WARDEN J.T. SHARTLE,<br>*FCC Warden*,<br>SUSAN G. MCCLINTOCK,<br>*USP Warden, Tucson, AZ*, and<br>ATTORNEY GENERAL OF THE STATE OF MARYLAND,<br><br>　　　Respondents. | Civil Action No. TDC-16-0364 |

## MEMORANDUM ORDER

On January 20, 2016, Jason Scott, who is self-represented, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming that he is actually innocent of his conviction in the Circuit Court for Prince George's County, Maryland. On February 9, 2016, the United States District Court for the District of Arizona (Jorgenson, J.) transferred Scott's Petition, Motion to Appoint Counsel, and Motion to Toll AEDPA's 1-year Time Limit to File a Motion to Vacate Pursuant to 28 U.S.C. Section 2254 to the United States District Court for the District of Maryland. On February 29, 2016, Scott filed seven additional motions: a Motion for Leave to Proceed *in Forma Pauperis*; a Motion for Leave for Petitioner to Conduct Discovery; a Motion for Leave to Amend Petitioner's Motion to Conduct Discovery; a Motion for Order to Obtain State Court Transcripts; a Motion Requesting an Evidentiary Hearing; a Motion Opposing any Motion to Dismiss; and a Motion for Summary Judgment in Petitioner's Favor.

The matter is ready for disposition, and a hearing is not necessary. *See* D. Md. Local R. 105.6. The Court will address each motion and issue a briefing schedule for Scott's Petition.

First, Scott's Motion for Leave to Proceed *in Forma Pauperis* is denied as moot because he has already paid the $5 filing fee. *See* ECF No. 1-4.

Second, Scott requests that the Court toll the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, pursuant to equitable tolling principles. Although Scott has made this argument in a "Motion," the Court construes the Motion as an addendum to section 18 of his Petition, in which he also asserts that the statute of limitations should be tolled. Because Scott's arguments are construed as part of his Petition, the Court will reserve a ruling pending Respondents' Answer and Scott's Reply, the schedule for which is described below. In this regard, Respondents are directed to address the equitable tolling arguments raised by Scott in their Answer. Scott may respond to these arguments in his Reply.

Third, Scott has filed several motions in which he seeks to obtain evidence to support his Petition: the Motion for Leave for Petitioner to Conduct Discovery, the Motion for Leave to Amend Petitioner's Motion to Conduct Discovery, the Motion for Order to Obtain State Court Transcripts, and the Motion Requesting an Evidentiary Hearing. Scott's request for all transcripts from proceedings between his indictment and sentencing is denied. Scott claims he is entitled to these transcripts on the basis of his indigent status. Habeas petitioners must, however, demonstrate a need for transcripts at government expense beyond their indigent status before establishing a right to them. *See Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152 (4th Cir. 1972). Scott has not done so here, so his Motion is denied. It should be noted, however

that Respondents must attach to their Answer "parts of the transcript that [they] consider[] relevant." *See* R. Governing § 2254 Cases 5(c).

Similarly, Scott's requests for discovery and an evidentiary hearing are denied as premature. Unlike a traditional civil litigant, a habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. Governing § 2254 Cases 6(a). "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." R. Governing § 2254 Cases 8(a). There are reasons why discovery may not be permitted depending on the arguments Respondents raise in their Answer; for example, discovery would not be appropriate if Scott has not exhausted all available remedies in state court. *See Calderon v. U.S. Dist. Court for the N. Dist of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996). Therefore, Scott's request for discovery and an evidentiary hearing are denied without prejudice.

Fourth, Scott's Motion for Summary Judgment, which he filed before any discovery has begun, is also premature. Scott may not be aware that motions for summary judgment are generally filed after the close of discovery and are appropriate only when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Respondents have not yet had an opportunity to file an Answer and it is unknown at this stage of the case whether there are material facts in dispute. Therefore, his Motion for Summary Judgment is denied without prejudice to refiling upon the close of discovery, if it should occur.

Fifth, because respondents have not filed a Motion to Dismiss, Scott's Motion Opposing any Motion to Dismiss is, as its title suggests, premature. Scott will have an opportunity to oppose any motion to dismiss in the event one is filed. His Motion is therefore denied.

Finally, Scott has filed a Motion to Appoint Counsel, which, he asserts, is warranted because of the complexity of the case, because he has insufficient legal training, and because he is imprisoned. Under § 2254, "the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority." 28 U.S.C. § 2254(h). In addition, the Court must appoint counsel if it is necessary for effective discovery or if an evidentiary hearing is warranted. *See* R. Governing § 2254 Cases 6(a) & 8(c). Thus far, Scott has adequately presented his claims, as evidenced by his several motions. He has recognized the appropriate standards of law and has applied the law to his circumstances. Moreover, it is not yet clear whether discovery or an evidentiary hearing will be necessary in this case, and therefore whether appointment of counsel is necessary for those reasons. Appointment of counsel is thus not warranted at this time, and Scott's Motion is denied without prejudice.

For the foregoing reasons, it is hereby ORDERED that:

1. Respondents are directed to file an Answer to Scott's Petition within **40 days** of this Order. *See* R. Governing § 2254 Cases 5(a). Respondents are reminded that the Answer must include copies of all transcripts, briefs, opinions, and dispositive orders described in Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts. Respondents are also reminded to respond to the equitable tolling arguments raised by Scott. *See* ECF Nos. 1, 4, 18.

2. Scott may file a Reply to Respondents' Answer within **30 days** after the Answer is filed. *See* R. Governing § 2254 Cases 5(e).

3. Scott's Motion to Appoint Counsel, ECF No. 5, is DENIED WITHOUT PREJUDICE.

4. Scott's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 11, is DENIED AS MOOT.

5. Scott's Motion for Leave for Petitioner to Conduct Discovery, ECF No. 12, Motion for Order to Obtain State Court Transcript, ECF No. 13, Motion Requesting an Evidentiary Hearing, ECF No. 14, and Motion for Leave to Amend Petitioner's Motion to Conduct Discovery, ECF No. 15, are DENIED WITHOUT PREJUDICE.

6. Scott's Motion Opposing any Motion to Dismiss Filed by Respondents, ECF No. 16, is DENIED.

7. Scott's Motion for Summary Judgment in Petitioner's Favor, ECF 17, is DENIED WITHOUT PREJUDICE.

8. The Clerk is directed to mail a copy of this Order and the Instructions for Filing a Habeas Corpus Petition under 28 U.S.C. § 2254 to Scott. Scott is **strongly encouraged** to consult those Instructions, the Rules Governing § 2254 Cases in the United States District Courts, the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Maryland to familiarize himself with the process of federal litigation and habeas proceedings.

9. The Clerk is directed to mail a Copy of this Order and Scott's Petition to Edward J. Kelley, Assistant Attorney General, Office of the Attorney General State of Maryland, Criminal Appeals Division.

Date: April 28, 2016



THEODORE D. CHUANG
United States District Judge