UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JASON SCOTT,
*Inmate Identification No. 50651-037*,

    Petitioner,

    v.

J.T. SHARTLE, *FCC Warden*,
SUSAN G. McCLINTOCK,
*USP Warden, Tucson, AZ*, and
ATTORNEY GENERAL OF
THE STATE OF MARYLAND,

    Respondents.

Civil Action No. TDC-16-0364

MEMORANDUM OPINION

Petitioner Jason Scott, an inmate at the United States Penitentiary in Tucson, Arizona ("USP-Tucson"), has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, two Motions for an Injunction, and a Motion for Reconsideration. For the reasons set forth below, the Petition is dismissed, the Motions for an Injunction are collectively construed as a new Complaint that shall be transferred to the United States District Court for the District of Arizona, and the Motion for Reconsideration is denied.

BACKGROUND

On January 20, 2016, Scott filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the District of Arizona. The Petition challenges Scott's September 25, 2013 conviction in the Circuit Court of Maryland for Prince George's County for murder in the first degree after the entry of a plea of guilty in which he maintained his innocence pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37-39 (1970). On February 9, 2016, the District of Arizona

transferred Scott's Petition, Motion to Toll AEDPA's One-Year Time Limit to File a Motion to Vacate Pursuant to 28 U.S.C. § 2254, and other motions to the District of Maryland.

This Court issued an Order on April 28, 2016 requiring Respondents ("the Government") to file an Answer to the Petition and denying several motions. Scott filed a Notice of Interlocutory Appeal from that Order. The United States Court of Appeals for the Fourth Circuit dismissed the interlocutory appeal on August 23, 2016, with the mandate issuing on October 17, 2016.

The Government filed a Limited Answer to the Petition on June 7, 2016, seeking dismissal of the Petition based on the arguments that Scott failed to exhaust available state court remedies pursuant to 28 U.S.C. § 2254(b) and that his claims are now time-barred. On June 24, 2016, Scott filed a Response to the Limited Answer. The Court ordered Scott to file a supplemental response specifically to present any evidence that his claims have been properly exhausted and that the Petition was timely filed. Scott filed such a supplemental response on July 8, 2016.

In addition to the Petition, there are three motions currently pending before the Court. On July 5, 2016, Scott filed a Motion for an Injunction in which he complained about certain conditions of confinement at USP-Tucson. Scott then filed in the District of Arizona a Motion for an Injunction and a Motion for Reconsideration of the Motion to Vacate his Maryland conviction, which were then transferred to this Court on August 30, 2016. The two Motions for an Injunction articulate identical grounds for relief.

## DISCUSSION

I.  **Petition**

Scott entered an *Alford* plea in the Circuit Court of Maryland for Prince George's County to two counts of first-degree murder and was sentenced on September 25, 2013 to life imprisonment, with 85 years to be served and the remainder suspended. Scott did not file a notice of appeal. Consequently, his judgment became final for purposes of direct review on October 25, 2013. *See* Md. Rule 8-204(b)(2) (providing that an application for leave to appeal must be filed within 30 days after the entry of judgment or order from which the appeal is sought). Scott has not filed any state post-conviction proceedings. In his Petition to this Court, Scott proclaims his innocence, but he does not specifically define his claims for relief or provide grounds to challenge his plea.

A.  **Exhaustion of State Court Remedies**

The Government argues that the Petition should be dismissed because Scott has not exhausted all available state court remedies. A petitioner seeking habeas relief in federal court must exhaust each claim by first pursuing the remedies available in state court. 28 U.S.C. § 2254(b)(1) (2012); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert it in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (West 2011). To

exhaust a claim through post-conviction proceedings, a defendant must assert it in a petition filed in the Circuit Court where the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101 to -103 (West 2011). After a decision on a petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals. *Id.* § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file a petition for a writ of certiorari to the Court of Appeals. *See Williams v. State*, 438 A.2d 1301, 1304-05 (Md. 1981).

Scott did not file a direct appeal, and the time for doing so has long since expired. The 10-year time limit for filing a post-conviction petition in state court to challenge his 2013 conviction and sentence, however, has not yet expired. Because Scott has yet to exhaust his state remedies before the highest court with jurisdiction to consider the claim, the Petition is subject to dismissal for lack of exhaustion. *See* 28 U.S.C. § 2254(b)(1).

**B.    Limitations Period**

The Government also argues that even if Scott still has available state court remedies, the Petition is time-barred. A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See id.* § 2244(d). Section 2244(d) provides that:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, because Scott did not file a direct appeal, the one-year limitations period began to run on the date of the expiration of the time for seeking direct review. *See id.* § 2244(d)(1)(A). Thus, the limitations period began to run on October 25, 2013 and elapsed on Monday, October 27, 2014. Because Scott did not file a post-conviction petition during that one-year period that would have tolled the limitations period, Scott's claim is time-barred.

Nevertheless, Scott claims that he is entitled to equitable tolling of the limitations period. The one-year limitations period is "subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, Scott must establish that either some wrongful conduct by the respondent contributed to his delay in filing his petition or that extraordinary circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Scott also generally claims that he is actually innocent of the crimes to which he pleaded guilty and faults his counsel for his entry of his plea. "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). The Supreme Court has recognized an actual innocence exception to the limitations period of 28 U.S.C. § 2244. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1934 (2013).

Having determined that Scott has yet to fully exhaust his state court claims, the Court need not decide whether equitable tolling or actual innocence will excuse the failure to file the Petition within the limitations period. Instead, the Petition will be dismissed without prejudice to refiling after Scott exhausts his claims before the state courts of Maryland. At that time, Scott may again present any reasons that this otherwise untimely Petition may be considered.

### C.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied

on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478.

Here, Scott's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that Scott has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Scott may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## II.     Motions for an Injunction

In the Motion for an Injunction filed on July 5, 2016, ECF No. 29, Scott asks this Court to issue an order prohibiting the United States Department of Justice ("DOJ"); the Bureau of Prisons ("BOP"); J.T. Shartle, Warden of the Federal Correctional Complex in Tucson, Arizona; and Susan G. McClintock, Warden of USP-Tucson from continuing to use "investigative" and "coercive" techniques that violate his rights to due process under the Fifth Amendment and against cruel and unusual punishment under the Eighth Amendment. Mot. Inj. 1, ECF No. 29. In the Motion for an Injunction that was transferred from the District of Arizona on August 30, 2016, ECF No. 33, Scott likewise requests an order prohibiting DOJ and the BOP from continuing to use "investigative techniques" that violate his Fifth and Eighth Amendment rights. Mot. Inj. 1, ECF No. 33.

Scott claims that since September 27, 2013, he has been under 24-hour surveillance by an "unknown investigative agency who utilize[s] hidden cameras and speakers, prison officials, and other inmates to conduct a campaign of non-stop, coercive interrogations and psychological

torture, to include sleep deprivation, in an attempt to fabricate a false confession and coerce Scott into committing suicide." Mot. Inj. 2, ECF No. 29; Mot. Inj. 1-2, ECF No. 33.

Scott's claims concerning the conditions of his confinement at USP-Tucson do not challenge his conviction or sentence and thus are not a proper subject of the Petition filed under 28 U.S.C. § 2254. Scott's concerns about the conditions of his confinement as they relate to his health and safety are instead properly construed as a complaint for constitutional violations by federal officers pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Such claims are properly brought in the district in which Scott is incarcerated—the District of Arizona—rather than the district in which he was convicted and sentenced. *See* 28 U.S.C. § 1391(b); *see also Cameron v. Thornburgh*, 983 F.2d 253, 256-57 (D.C. Cir. 1993) (applying § 1391(b) to a *Bivens* action and transferring the action to the district encompassing the prison where the relevant events took place).

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer under § 1404(a) is within the discretion of the district court and is to be determined upon notions of convenience and fairness on a case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Here, Scott is incarcerated in Arizona, and any records relating to the named Defendants' activities are presumably located in Arizona. *See* 28 U.S.C. § 1391(b). The Court recognizes that Scott is a self-represented litigant and his pleadings must be liberally construed. Accordingly, the Court will construe the Motions for an Injunction collectively as a *Bivens* complaint and transfer it to the District of Arizona for all action that court deems appropriate.

### III. Motion for Reconsideration

Scott's Motion for Reconsideration of Motion to Vacate was transferred to this Court from the District of Arizona on August 30, 2016. In his Motion, Scott requests reconsideration of his § 2254 Petition due to "reoccurring untimely delays." Mot. Recons. 1. As of the time of the filing of the Motion for Reconsideration, there had been no ruling on Scott's Petition. No such ruling was made until the issuance of this Memorandum Opinion and accompanying Order. Accordingly, the Motion was filed prematurely and shall be denied as not ripe.

Scott also argues in his Motion for Reconsideration that a default judgment against the Government is warranted based on its failure to file an Answer that responds to the merits of his Petition. The Court's April 28, 2016 Memorandum Order does not specify whether the Government was to address the merits of the Petition, and the Court did not order the Government to do so at any time after the filing of the Limited Answer. A default judgment is therefore not appropriate because the Government has not failed to comply with any court order.

### CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for a Writ of Habeas Corpus without prejudice as unexhausted and declines to issue a Certificate of Appealability. The Court also denies the Motion for Reconsideration. The Motions for an Injunction, collectively construed as a *Bivens* complaint, will be transferred to the United States District Court for the District of Arizona. A separate Order shall issue.

Date: October 31, 2016

THEODORE D. CHUANG
United States District Judge